UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROTISABJIINC,<br><br>　　　　　Defendant. | Case No.　5:22-cv-01167-EJD<br><br>**ORDER TO SHOW CAUSE WHY THE COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION AND WHY SUBJECT MATTER JURISDICTION EXISTS** |

1. Federal courts may decline to exercise supplemental jurisdiction over a state law claim "in exceptional circumstances." 28 U.S.C. § 1367(c)(4). When a "high-frequency" litigant asserts a California Unruh Act claim in federal court alongside an ADA claim, this will typically constitute an exceptional circumstance that justifies dismissal of the Unruh Act claim. *See Arroyo v. Rosas*, 19 F.4th 1202, 1211–14 (9th Cir. 2021); *Garcia v. Maciel*, 2022 WL 395316, at *2–5 (N.D. Cal. Feb. 9, 2022); *Johnson v. Right Crons Inc.*, 2021 WL 3565441 (N.D. Cal. Aug. 11, 2021). Plaintiff is therefore ordered to show cause why this Court should not decline to exercise supplemental jurisdiction over the Unruh Act claim.

In the interests of efficiency, assuming the Court declines to exercise supplemental jurisdiction over the Unruh Act claim, it is not obvious whether Plaintiff would want to continue pursuing his ADA claim in this Court, rather than proceeding on his Unruh Act claim and ADA claim in state court. Plaintiff is therefore ordered to inform the Court whether he would prefer to dismiss his ADA claim to proceed on that claim in state court with his Unruh Act claim.

2. With respect to Plaintiff's ADA claim, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Consistent with that independent obligation, Plaintiff is ordered to show cause why this case should not be dismissed for lack of

Article III standing.  In response, both Plaintiff and Plaintiff's counsel must submit separate declarations sworn under penalty of perjury.  Plaintiff's declaration must substantiate the jurisdictional allegations as to Plaintiff's intent to return to Defendant's establishment. Furthermore, considering the well-pled allegations by the San Francisco and Los Angeles District Attorneys regarding the conduct of the Potter Handy firm and its clients, these declarations must substantiate, in detail, the allegations that Plaintiff visited the establishment in the first place.  *See* Complaint, *People of the State of California v. Potter Handy LLP*, No. CGC-22-599079 (Cal. Super. Ct. 2022), 2022 WL 1102496.  Counsel's declaration must describe, in detail, the investigation counsel conducted to ensure that their client visited the establishment and intends to return there.

3. Assuming the Court finds the jurisdictional allegations contained in the declarations to be facially adequate, Defendant shall have the option to conduct jurisdictional discovery. If Defendant opts for jurisdictional discovery, they will be permitted to take discovery on Plaintiff's intent to return and whether Plaintiff did, in fact, personally visit Defendant's establishment. Regardless of whether jurisdictional discovery takes place, the Court will likely schedule an **in-person** evidentiary hearing to test the veracity of the jurisdictional allegations submitted in response to this order to show cause.

Plaintiff and counsel must respond within 21 days of this order.  Failure to respond and **failure to appear in-person** will result in a dismissal of this action with prejudice.  In the meantime, all other deadlines are vacated in this case and the parties are temporarily relieved from the requirements of General Order 56.

**IT IS SO ORDERED.**

Dated: July 29, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:22-cv-01167-EJD
ORDER TO SHOW CAUSE

2